# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5466 | **DATE** | 6/26/2001 |
| **CASE TITLE** | Darryl E. Walker vs. Cash Flow Consultants, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Court grants Cash Flow Consultants, Inc.'s motion to dismiss without prejudice (Doc. 6-1), denies Plaintiff's motion for class certification (Doc. 5-1) without prejudice, and Plaintiff's motion for entry of document preservation order (Doc. 4-1) granted in part and denied in part. Plaintiff has leave to file his amended complaint, if any, on or before July 13, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | JUN 27 2001 | | |
| | Notified counsel by telephone. | | date docketed | | 34 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 6/26/2001 | | |
| | | | FILED FOR DOCKETING | date mailed notice | |
| ETV | courtroom deputy's initials | | 01 JUN 27 AM 7:38 | ETV | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUN 27 2001

DARRYL E. WALKER,

    Plaintiff,

vs.

CASH FLOW CONSULTANTS, INC.,

    Defendant.

No. 00 C 5466

Judge Rebecca R. Pallmeyer

## MEMORANDUM OPINION AND ORDER

This lawsuit stems from a collection letter sent to Plaintiff Darryl E. Walker by Defendant Cash Flow Consultants, Inc. ("CFC"). Plaintiff, individually and on behalf of all others similarly situated, alleges that the letter was misleading and deceptive in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") because CFC was aware, at the time it sent the letter, that the statute of limitations to sue on the underlying debt had already run. Plaintiff has moved for class certification and for an order compelling CFC to preserve certain documents it considers relevant to this lawsuit. CFC, on the other hand, has moved to dismiss Plaintiff's complaint. For the reasons stated below, CFC's motion is granted without prejudice. Because questions of law among putative class members may differ, the court denies Plaintiff's motion for class certification, also without prejudice.

## FACTUAL BACKGROUND

The allegations in this case are not complicated. On June 26, 2000, CFC mailed a letter to Plaintiff seeking to collect on a bad check. The letter listed the creditor as

Marshall Field's Store #9, the check date as June 2, 1996, the check amount as $70.36, a service charge of $25.00, and a total due of $95.36. (Exhibit A to Plaintiff's Complaint.) The letter further stated the following:

> Your account has been listed with our office for collection by [Marshall Field's]. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification and provide you with the name and address of the original creditor, if different from the current creditor. If the matter is undisputed, please forward full payment.
> This communication is from a debt collector and is intended to collect a debt. Any information obtained will be used for that purpose. If you wish to pay by credit card, please contact our office for details.

(*Id.*) Plaintiff does not allege that CFC's collection letter included either an express or implied threat of litigation to recover the debt and this court agrees that no such threat appears in the letter.

As Plaintiff points out, the statute of limitations in Illinois on a dishonored check is three years. (Compl. ¶ 10 (citing 810 ILCS 5/3-118).) On September 5, 2000, Plaintiff filed a complaint in this court on behalf of a class defined as: (i) all natural persons; (ii) from whom CFC attempted to collect a dishonored check; (iii) that was dishonored more than three years prior to the collection attempt; (iv) where the collection attempt occurred on or after a date one year prior to the filing of this action; and (v) where the records of CFC, or the nature of the debt or the creditor, show that the check was for personal, family or household purposes. (Compl. ¶ 14.) The complaint alleges that CFC violated Sections 1692e, 1692e(2)(A) and 1692e(10) of the

FDCPA, which essentially prohibit the use of false, deceptive, or misleading representation in the collection of any debt, when it sought to collect a debt where the statute of limitations to sue on such debt had run. On September 6, 2000, Plaintiff filed a motion for class certification and for entry of a document preservation order requesting that the court compel CFC to preserve numerous categories of documents. On October 10, 2000, CFC moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

### A. CFC's Motion to Dismiss

When reviewing a motion to dismiss, the court views all the facts alleged in the complaint and the reasonable inferences therefrom in the light most favorable to the plaintiff. *See Henderson v. Bolanda*, No. 00-2840, 2001 WL 514393, *1 (7th Cir. May 16, 2001) (citing *Kelly v. City of Chicago*, 4 F.3d 509, 510 (7th Cir. 1993)). In addition to Plaintiff's complaint, the court may, upon CFC's motion, take into consideration the collection letter attached to and incorporated into the complaint. *See Siefken v. Village of Arlington Heights*, 65 F.3d 664, 666 (7th Cir. 1995).

The complaint here alleges violations of Sections 1692e, 1692e(2)(A), and 1692e(10) of the FDCPA which state as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>     (2)    the false representation of –
>             (A)    the character, amount or legal status of any debt . . . .

> (10) the use of any false representation or deceptive means to collect or attempt to collect or any debt or to obtain information concerning a consumer . . . .

15 U.S.C. § 1692e, 1692e(2)(A), 1692e(10).

Plaintiff claims that CFC violated these statutory sections by knowingly attempting to collect on a time-barred debt. In support of his argument, Plaintiff cites, *inter alia*, two cases from this district. *See Stepney v. Outsourcing Solutions, Inc.*, No. 97 C 5288, 1997 WL 722972 (N.D. Ill. Nov. 13, 1997) and *Taylor v. Unifund*, No. 98 C 5921, 1999 U.S. Dist. LEXIS 13651 (N.D. Ill. Apr. 30, 1999). In *Stepney*, the defendant sent the plaintiff a form letter seeking to collect on a past due amount of $1,026.28 that was over thirteen years old. 1997 WL 722972, at *1. The letter stated: "THIS IS AN OPPORTUNITY TO RESOLVE YOUR ACCOUNT WITH NO FURTHER COLLECTION ACTION BEING TAKEN AGAINST YOU." *Id.* The court denied the defendant's motion to dismiss because "Stepney allege[d] the violation of the FDCPA based on defendant's knowing attempt to collect time-barred debt *with threats of 'further collection action.'*" *Id.* at *5 (emphasis added). *Taylor* also involved a claim that the defendant violated the FDCPA by attempting to collect on a time-barred debt. The court in that case denied defendant's motion to dismiss, but, unfortunately, its order did not detail the allegations in the complaint or the language of the collection letter at issue.

Under the circumstances presented, this court finds Plaintiff's argument unconvincing. Plaintiff acknowledges that the letter at issue here did not threaten

litigation. Thus, Plaintiff contends that, in attempting to collect a valid debt, CFC violated the FDCPA merely by sending a collection letter after the statute of limitations on the debt had expired. Indeed, at oral argument on this motion, Plaintiff's counsel acknowledged that, under his theory, a debt collector violates the statute when it attempts to collect on any debt subject to any defense, even where that defense is waivable. This court does not believe this theory is consistent with the letter or spirit of the FDCPA.

A recent Eighth Circuit decision reached the same conclusion. In *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767 (8th Cir. 2001), defendant sought to collect on several bad checks, including some on which the statute of limitations had run. Defendant's collection letter stated:

> Our records show the amount due indicated below remains in our CHECKMATE PERMANENT BAD CHECK DATA FILE. TO PROTECT YOUR CHECK-WRITING PRIVILEGES, REMIT THE BALANCE DUE IMMEDIATELY (CASH OR MONEY ORDER ONLY) . . . . To be sure of proper credit and to stop further procedure, make your payment in full."

*Id.* The court concluded that in the absence of an express threat of litigation, defendant did not violate the Act by attempting to collect a debt on which litigation would be time-barred. *Id.* (citing *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330, 1332 (D.N.M. 2000) (no FDCPA violation where no lawsuit or further collection action threatened); *Aronson v. Commercial Fin. Serv.*, 1997 WL 1038818, *3 (W.D. Pa. 1997) (no FDCPA violation where the collection letter did not threaten a lawsuit and merely tracked the language of the statute); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383,

393 (D. Del. 1991) (noting that it is an FDCPA violation for a debt collector to threaten a lawsuit if he or she knows or should know that such a suit is time-barred); *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987) (FDCPA violation where debt collector filed a lawsuit on a time-barred debt without having first determined that the limitations period had actually been tolled). In affirming a grant of summary judgment in favor of the defendant, the *Freyermuth* court noted first that "a statute of limitations does not eliminate the debt; it merely limits the judicial remedies available." *Id.* It therefore focused only on whether the plaintiff was deceived or misled into believing that the defendant planned to seek legal recourse to recover the barred debt, and in doing so, concluded that the defendant's collection letter included no such threat. *Id.*

Notably, Illinois law is consistent with the premise of *Freyermuth*: the statute of limitations bars a specific remedy; it does not extinguish the indebtedness. *See LaPine Scientific Co. v. Lenckos*, 420 N.E.2d 655, 658, 95 Ill. App. 3d 955, 958 (1st Dist. 1981). The court finds *Freyermuth* persuasive, but holds only that, in order to survive a motion to dismiss, a defendant's attempt to collect on a time-barred debt must be accompanied by actual litigation or a threat, either explicit or implicit, of future litigation. Here, Plaintiff did not allege that CFC explicitly or implicitly threatened him with further collection action and, as noted, the language of CFC's debt collection letter would belie any such allegation. The court believes *Stepney* and *Taylor* are distinguishable. In *Stepney*, the collection letter mentioned the possibility of "further

-6-

collection action" if the plaintiff did not "resolve [her] account." This reference to further "action" represents a thinly-veiled threat of future litigation. As for *Taylor*, the court will assume that a similar threat was involved, for the *Taylor* court relies primarily on language from *Kimber*, a case in which the defendant went so far as to file a lawsuit on an apparently time-barred debt. *See Taylor*, 1999 U.S. LEXIS 13651 at *4 ("[T]he dispositive fact is that a debt collector could not legally prevail *in such a lawsuit* [to collect the debt], and for the debt collector to represent otherwise is fraudulent.") (quoting *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. at 1488) (emphasis added). To the extent that either *Stepney* or *Taylor* hold that it is a violation of the FDCPA to merely attempt to collect a time-barred debt, the court, relying on *Freyermuth* and the case law cited therein, respectfully disagrees.

### B. Plaintiff's Motion for Class Certification

Although the court has concluded that the complaint does not state a claim for relief, it must nevertheless consider Plaintiff's motion for class certification. Some case law suggests that where the named plaintiff does not have a claim for relief, he also has no standing to represent a class, *see, e.g., Chavez v. Illinois State Police*, __F.3d.__, Nos. 99-3691, 00-1462, 2001 WL 543707 (May 23, 2001) (citing *Cowen v. Bank United of Tex.*, 70 F.3d 937, 941 (7th Cir.1995). Nevertheless, Rule 23 makes clear, and the Seventh Circuit has emphasized, that the class certification issue should be addressed promptly. *See Chavez; see also Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474 (7th Cir. 1997) ("Generally, a district judge should seriously consider certifying a class

or deny certification prior to any ruling on the merits, as the language of Rule 23 itself suggests . . . .") (citing FED. R. CIV. P. 23(c)(1)) ("As soon as practicable after the commencement of an action, the court shall determine by order whether it is to be maintained."). Indeed, fairness directs that defendants should benefit from class treatment in a dismissed case just as they are burdened when the court certifies a class in a meritorious case–for where, as here, the court has dismissed a complaint, certification of a class would have the result of barring a future lawsuit brought under this theory by any member of the class.

Rule 23(a) sets forth four requirements for class certification: (1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class. *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000) (citing FED. R. CIV. P. 23(a)). In addition to meeting these requirements, a plaintiff must demonstrate that common questions of law and fact predominate over questions involving individual members, and that a class action is superior to other forms of adjudication. *Id.* (citing FED. R. CIV. P. 23(b)(3)).

In this case, although class certification arguably benefits it, CFC objects to the motion. CFC argues that the proposed class does not meet Rule 23's numerosity, typicality, commonality, or superiority requirements. For example, CFC urges that Plaintiff's claims are not typical of the putative nationwide class of individuals because

statutes of limitations will vary from state to state. The court agrees that typicality is an issue that warrants denial of Plaintiff's motion, but for a slightly different reason. As just noted, Plaintiff's proposed class definition is *not* limited to Illinois residents. One factor in this court's decision to grant Defendant's motion to dismiss is the fact that under Illinois law, a debt is not extinguished by the statute of limitations, even if the right to recover by way of litigation is extinguished. The law on this point may well differ from state to state. Without further briefing of the issue, the court is uncertain that common questions of law predominate over individual ones as required by FED. R. CIV. P. 23(b)(3). The motion for class certification is therefore denied without prejudice.

C.   **Document Preservation Order**

Plaintiff's motion for entry of a document preservation order asks this court to compel CFC to preserve twenty-three categories of documents related to Plaintiff in particular and CFC's debt collection policies and practices in general. The court finds the scope of Plaintiff's proposed order to be overbroad, but not entirely unnecessary; in the event that Plaintiff is able to amend its complaint, or this court's decision is reversed by the Court of Appeals, Plaintiff will need information concerning those individuals in circumstances similar to Plaintiff. The court therefore grants Plaintiff's motion, in a considerably more narrow form, such that CFC must preserve only the complete file, including but not limited to computer information, for all (i) natural persons, (ii) from whom CFC used the form letter (attached to Plaintiff's complaint as Exhibit A) to attempt to collect a dishonored check, (iii) that was dishonored more than

three years prior to the collection attempt, (iv) where the collection attempt occurred on or after September 5, 1999.

## CONCLUSION

For the foregoing reasons, the court grants Cash Flow Consultants, Inc.'s motion to dismiss without prejudice (Doc. 6-1), denies Plaintiff's motion for class certification (Doc. 5-1) without prejudice, and grants Plaintiff's motion for entry of document preservation order (Doc. 4-1) only to the extent that CFC must preserve the complete file, including but not limited to computer information, for all (i) natural persons, (ii) from whom CFC used the form letter (attached to Plaintiff's complaint as Exhibit A) to attempt to collect a dishonored check, (iii) that was dishonored more than three years prior to the collection attempt, (iv) where the collection attempt occurred on or after September 5, 1999.

Plaintiff has leave to file his amended complaint, if any, on or before July 13, 2001.

ENTER:

Dated: June 26, 2001

REBECCA R. PALLMEYER
United States District Judge